IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Criminal Case No. 1:09-cr-00052-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DARRELL EUGENE BANKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the Defendant's "Motion for Reduction of Sentence" [Doc. 78].

On October 30, 2009, the Defendant pleaded guilty pursuant to a written plea agreement to three counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and one count of possession of an unregistered shotgun with a barrel that was less than 18 inches. The Defendant was sentenced on July 9, 2010 to 108 months' imprisonment. [Doc. 35]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Banks, 442 F. App'x 759 (4th Cir. 2011).

On July 2, 2012, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. On January 6, 2014, the Court denied the

Defendant's motion to vacate, as amended, as well as several other motions that the Defendant filed while his § 2255 motion was pending. [Doc. 65]. On July 9, 2014, the Fourth Circuit dismissed the Defendant's appeal and denied a certificate of appealability. United States v. Banks, __ F. App'x __, 2014 WL 3338929 (4th Cir. July 9, 2014). In August 2014, the Defendant filed a motion seeking a reduction in his sentence based upon a "clerical error" in the calculation of his criminal history points and, consequently, his Guidelines range. [Doc. 70]. That motion was also denied [Doc. 71], and the Fourth Circuit Court of Appeals affirmed this dismissal and denied a certificate of appealability. [Doc. 76].

The Defendant now returns to this Court, seeking "a reduction of sentence, pursuant to 18 USC 3582(b); 18 USC 3742(a)(2)(3); 18 USC 3553(a), and in light of the Fourth Circuits ruling in 2011, known as 'Simmons v U.S. 649' and 'Miller v US in 2013 making Simmons retroactive." [Doc. 78 at 1]. In essence, the Defendant contends that he was sentenced "with the wrong Criminal History points." [Id.].

By the present motion, the Defendant appears to seek a reduction of his sentence pursuant to 18 U.S.C. § 3582. The Court may reduce or modify a sentence under § 3582 only in certain limited circumstances, however, none of which are applicable here. See 18 U.S.C. § 3582(c). Accordingly,

the Defendant's motion for a reduction of sentence pursuant to § 3582 is denied.

Further, although styled as a motion for reduction of sentence, the Defendant is essentially attacking the same criminal judgment that he challenged in his § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As noted, the Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. The Defendant has provided no evidence that he has secured the necessary authorization from

the Fourth Circuit to proceed with a successive § 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's motion for reduction of sentence is denied.  Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence" [Doc. 78] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 8, 2016

Martin Reidinger
United States District Judge